UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBIN L. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-15-HAB |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Opening Brief in Support of Complaint to Reverse the Decision of the Commissioner of Social Security (ECF No. 17). Defendant Andrew M. Saul, Commissioner of Social Security (the "Commissioner"), has filed his response (ECF No. 20)[1] and Plaintiff has filed her reply (ECF No. 21). This matter is now ripe for review.

---

[1] The Court is compelled to address a disappointing trend in briefs filed by the Commissioner in recent months. Rather than meaningfully respond to legal arguments made by plaintiffs, the Commissioner's briefs have become little more than recitations of the factual findings of the ALJ. The response in the instant case is the most egregious example. Boilerplate legal standards aside, the Commissioner's response is a series of single sentence paragraphs identifying evidence the ALJ "acknowledged," "noted," or "considered." (ECF No. 20 at 7–9). There is no legal discussion, no attempt to address (or even reference) Plaintiff's arguments, and no explanation as to how the cited evidence satisfied the relevant legal standards.

Simply put, these briefs, and the response in this case particularly, are not helpful to the Court. The Court reviews the ALJ's decision in each case. Simply cutting and pasting portions of that decision into brief form does not add anything of substance to the discussion of the issues. Much less helpful is the instant response which summarizes entire pages of the decision in single sentence, bullet point style paragraphs.

The Court does not question the massive case load that each Special Assistant United States Attorney assigned to the Commissioner must carry. But, as attorneys responsible for protecting the public fisc, more can and should be expected. If legal arguments can be made in support of an ALJ's decision, they should be made. If no such arguments are available, then claims should be paid. This middle road, where appeals are contested but not meaningfully, is a disservice to claimants, taxpayers, and the Court.

A.    **Procedural History**

On March 30, 2017, Plaintiff filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income. In both applications, Plaintiff alleged a disability onset date of October 1, 2016. The applications were denied initially and on reconsideration.

Thereafter, Plaintiff requested a hearing before an administrative law judge. Her hearing occurred on August 8, 2018. ALJ Genevieve Adamo issued her Decision (R. 70–80) on December 5, 2018, finding that Plaintiff was not disabled. Plaintiff sought review of the Decision with the Appeals Council, which request was denied. Plaintiff then initiated the instant cause of action for judicial review.

B.    **Legal Analysis**

1.    *Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th

Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.**   ***The ALJ's Decision***

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from

doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2016. At step two, the ALJ determined that Plaintiff had the following severe impairments: depression and anxiety. The ALJ also determined that Plaintiff's irritable bowel syndrome was a non-severe impairment.

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (R. 74). Specifically, the ALJ considered listings 12.04 and 12.06. At step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, carry out, and remember simple, routine, and repetitive tasks with no production rate pace, like assembly line work, with only occasional, simple work-related decision-making; the claimant can maintain attention and concentration for two-hour intervals; the claimant could respond appropriately to occasional changes in the workplace; the claimant could have occasional interaction with supervisors apart from what is necessary for

> general instruction, task completion, or training; the claimant could have frequent interactions with coworkers and the general public.

(R. 76). At step five, the ALJ found that Plaintiff could not perform any past relevant work. However, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy and, therefore, was no disabled.

**3.**   *The ALJ Erred in Her Evaluation and Application of Evidence Related to Plaintiff's Irritable Bowel Syndrome*

Plaintiff raises several allegations of error which, as set forth in the footnote above, are largely unrebutted by the Commissioner. Having reviewed the record, the Court agrees with Plaintiff that the ALJ committed reversible error in her evaluation and application of the evidence related to Plaintiff's IBS. Specifically, the ALJ erred both in the weight given to treating provider Kristi King, NP, and by failing to provide any accommodations in the RFC for Plaintiff's IBS. Taken together, these errors require remand.

**a.**   *The ALJ Erred in Assessing the Weight to be Given to the Opinion of Kristi King, NP*

King, a nurse practitioner that treated Plaintiff for more than two years, submitted a statement confirming Plaintiff's diagnosis of IBS with diarrhea. King opined that "[i]t is difficult for [Plaintiff] to perform normal job functions due to the symptoms associated with this disease, such as abdominal pain and bouts of uncontrollable diarrhea." (R. 430). The ALJ gave this opinion "little weight," finding that it was a conclusory statement unsupported by persuasive analysis or substantial evidence. Specifically, the ALJ found that Plaintiff's medical records and treatment history were inconsistent with King's opinion.

The ALJ failed to evaluate the medical opinion evidence consistent with the requirements of 20 C.F.R. § 404.1520c. When evaluating the persuasiveness of a medical opinion, the ALJ must consider (1) supportability, (2) consistency, (3) relationship with the claimant, including (i) length

of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) whether it is an examining relationship, (4) specialization, and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c)(1)-(5). The most important factors are supportability and consistency, and an ALJ is required to explain how she considered these factors in determining the persuasiveness of a medical opinion. *Id.* § 404.1520c(b)(2). Failure to properly consider, and explain consideration of an opinion, warrants remand. *See*, *e.g.*, *Beason v. Saul*, 2020 WL 606760, at *2-3 (C.D. Cal. Feb. 7, 2020) (remanding where ALJ failed to consider or discuss any of the factors set forth in 20 C.F.R. § 404.1520c(c)(1)-(5)); *Joseph M.R. v. Comm'r of Soc. Sec.*, 2019 WL 4279027, at *7-8 (D. Or. Sept. 10, 2019) (same); *Alonzo v. Comm'r of Soc. Sec.*, 2020 WL 1000024, at *4-5 (D. Ariz. Mar. 2, 2020) (ALJ erred in failing to address any of the factors in § 404.1520c(c), especially the "most important" — supportability and consistency).

King's opinion is entitled to even greater deference as a treating source. The Social Security Administration gives substantial deference to the opinions of treating experts. Indeed, a treating source's opinion must be given controlling weight if it is "well-supported" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011); *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). An ALJ must offer "good reasons" for discounting the opinion of a treating source. *Scott*, 647 F.3d at 739; *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011); *Campbell*, 627 F.3d at 306. "Even if an ALJ does not give a treating physician's opinion controlling weight, the regulations still require him to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Hofslien v.*

6

*Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006); *Scott*, 647 F.3d at 740; *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(2)). No such consideration took place in this case.

The list of factors in § 404.1527 does not exist to occupy space. Indeed, even if an ALJ articulates a good reason for refusing to give a treating source controlling weight, remand can be based on the ALJ's failure to discuss the "required checklist of factors." *Larson v. Astrue*, 615 F.3d 744, 750–51 (7th Cir. 2010). Here, the ALJ failed to consider any factors other than the supportability and consistency of King's opinion. True, these are the most important factors. However, the Commissioner points to no authority that permits the ALJ to consider these factors to the exclusion of the others.

The larger problem with the ALJ's evaluation, however, is that her assessment of King's consistency and supportability is irrevocably flawed. The ALJ's assessment is contained entirely in a single sentence, wherein she stated: "For example, during the period at issue, the claimant has never undergone bowel surgery, she has never been hospitalized on an inpatient basis, and her BMI is within a normal range." (R. 74). The ALJ's observations are at the same time true and irrelevant. There is no evidence in the record that bowel surgery, inpatient hospitalization, or an abnormal BMI are necessary or sufficient medical signs and symptoms of IBS. Instead, these factors appear to have come entirely from the ALJ's own medical opinions. The ALJ, then, appears to have succumbed to the temptation to play doctor, something she is expressly forbidden from doing. *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

By focusing on her own flawed list of IBS signs, the ALJ also ignored the evidence in the record supporting King's opinion. The ALJ ignored all medical records from King and DeKalb Health documenting Plaintiff's consistent and extended treatment for IBS. (R. 383–420). The ALJ

7

ignored the numerous medications taken to treat IBS and its symptoms, including Dicyclomine, Xifaxan, Bentyl, Vibrezi, and Zofran. *See* SSR 16-3p; *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) (directing ALJs to consider medications taken and treatment in evaluating objective medical evidence). In short, the ALJ ignored the entirety of the evidence that conflicted with her decision. This she could not do. *Indoranto*, 374 F.3d at 474.

**b.**     *The ALJ Failed to Include Accommodations in the RFC for Plaintiff's IBS*

When determining the RFC, the ALJ "must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The regulations provide that if a claimant has more than one impairment, "[w]e will consider all of your medically determinable impairments of which we are aware," including those impairments that are not severe, in assessing the RFC. 20 C.F.R. § 404.1545(a)(2).

Regardless of whether Plaintiff's IBS was a severe or non-severe impairment, the ALJ was required to consider it when formulating the RFC. There is no evidence that she did so in this case. There is almost no reference to Plaintiff's IBS in the RFC discussion. More importantly, there are no accommodations in the RFC for the condition, such as irregular restroom breaks. The ALJ also does not explain her rationale for excluding the IBS limitations in the RFC. The ALJ failed to build the necessary logical bridge between the record and the RFC, and remand is required.

**C.     Conclusion**

For the foregoing reasons, the ALJ's Decision is REVERSED and REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on January 19, 2021.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT